**JUSTIN IRWIN**       *      **NO. 2022-CA-0063**

**VERSUS**       *

      **COURT OF APPEAL**

**JOHN BRADLEY BRENT**      *

      **FOURTH CIRCUIT**

      *

      **STATE OF LOUISIANA**

     **\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-01237, DIVISION "F-14"
Honorable Jennifer M Medley,
**\* \* \* \* \* \***
**Judge Tiffany Gautier Chase**
**\* \* \* \* \* \***

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

Michael William Tifft
LAW OFFICE OF MICHAEL W. TIFFT
710 Carondelet Street
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLANT

Prescott Lee Barfield
1558 N Prieur Street
New Orleans, LA 70116

     COUNSEL FOR DEFENDANT/APPELLEE

      **REVERSED AND REMANDED**
      **SEPTEMBER 14, 2022**

Appellant Justin Irwin (hereinafter "Mr. Irwin") seeks review of the trial court's June 28, 2021 judgment granting the motion to dismiss filed by appellee John Bradley Brent (hereinafter "Mr. Brent"). After consideration of the record before this Court and the applicable law, we reverse the June 28, 2021 judgment of the trial court and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In January of 2018, a hard freeze struck New Orleans and the pipes under Mr. Irwin's apartment froze, causing the pipes to burst.[1] Mr. Irwin contends that Mr. Brent failed to repair the pipes and prohibited him from doing so. Mr. Irwin subsequently hired a licensed plumber to repair the pipes. On the same day that Mr. Irwin hired a plumber, Mr. Brent and his friend arrived at the apartment to repair the pipes. Upon Mr. Irwin's return, he found Mr. Brent "underneath the house." An altercation ensued between Mr. Irwin and Mr. Brent over the repair of the pipes. It is undisputed that Mr. Irwin pushed Mr. Brent and in response, Mr. Brent punched Mr. Irwin. Mr. Irwin maintains that he suffered a concussion with a

---

[1] Mr. Irwin rented his apartment from Mr. Brent.

loss of consciousness, sustained a lip laceration, closed fracture of the nasal bone, maxillary fracture, and whiplash to his neck.

Mr. Irwin filed suit against Mr. Brent, alleging that he committed a battery against him which resulted in serious injuries. Mr. Brent answered the petition and filed a reconventional demand arguing that La. R.S. 9:2800.19 bars Mr. Irwin from recovering damages, as Mr. Irwin was the aggressor and Mr. Brent's actions were in self-defense.[2]

The matter proceeded to trial on May 24, 2021. At the close of Mr. Irwin's case-in-chief, Mr. Brent moved for an involuntary dismissal arguing that Mr. Irwin failed to establish a *prima facie* case for the intentional tort of battery and that Mr. Irwin was the initial aggressor. The trial court granted the motion. This appeal followed.

## STANDARD OF REVIEW

This Court reviews an involuntary dismissal under a manifest error standard of review. *Crowe v. State Farm Mut. Auto. Ins. Co.,* 2020-0244, p. 3 (La.App. 4 Cir. 11/18/20), 309 So.3d 773, 776 (citations omitted); *see also Kelly v. Housing Authority of New Orleans,* 2002-0624, p. 6 (La.App. 4 Cir. 8/14/02), 826 So.2d 571, 575 ("A dismissal under [La. C.C.P. art. 1672(B)] should not be reversed absent manifest error.").

---

[2] La. R.S. 9:2800.19:

A. A person who uses reasonable and apparently necessary or deadly force or violence for the purposes of preventing a forcible offense against the person or his property in accordance with R.S. 14:19 or 20 is immune from civil action for the use of reasonable and apparently necessary or deadly force or violence.

B. The court shall award reasonable attorney fee, court costs, compensation for loss of income, and all expenses to the defendant in any civil action if the court finds that the defendant is immune from suit in accordance with Subsection A of this Section.

## INVOLUNTARY DISMISSAL

An involuntary dismissal, which is requested at the close of plaintiff's case, is codified in La. C.C.P. art. 1672(B), which provides:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

"A motion for involuntary dismissal may be granted only when the plaintiff has failed to establish his case by a 'preponderance of the evidence.'" *Webb v. Smith*, 555 So.2d 556, 557 (La.App. 4 Cir. 12/14/89). A trial court must weigh and evaluate all the evidence which has been presented to that point by the plaintiff, and determine whether he has established a *prima facie* case. *Greenup v. Roosevelt*, 2018-0892, p. 4 (La.App. 4 Cir. 3/20/19), 267 So.3d 138, 141-142.

## DISCUSSION

Mr. Irwin avers that the trial court erred in granting the involuntary dismissal. He argues that the trial court erroneously applied the now repealed "aggressor doctrine" and failed to consider whether Mr. Brent's use of force was justified, necessary and reasonable under the facts and circumstances presented at trial.

La. C.C. art. 2315 provides that a person may recover damages for injuries caused by the wrongful act of another. La. C.C. art. 2315(A); *Landry v. Bellanger*, 2002-1443, p. 6 (La. 5/20/03), 851 So.2d 943, 949. "Historically, fault has been the basis for tort liability in Louisiana. Furthermore, Louisiana embraces a broad civilian concept of 'fault' that encompasses any conduct falling below a proper

3

standard, including intentional torts. A battery is '[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact…'. The defendant's intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the defendant intends to inflict either a harmful or offensive contact without the other's consent." *Bellanger*, p. 6, 851 So.2d at 949 (internal citations omitted). "Consent may be expressed or implied; if implied, it must be determined on the basis of reasonable appearances." *Cole v. State Dep't of Pub. Safety & Corr.*, 2001-2123, p. 11 (La. 9/4/02), 825 So.2d 1134, 1142 (citation omitted).

At trial, Mr. Irwin presented testimony that Mr. Brent struck him with force sufficient to cause him to lose consciousness. The medical records submitted into evidence reveal that Mr. Irwin suffered significant injuries. Mr. Irwin described his behavior as calm, claimed he tried to walk away and de-escalate the situation and only shoved Mr. Brent because he was prohibited from entering his apartment. According to Mr. Irwin's uncontroverted testimony, he made repeated attempts to escape Mr. Brent which were consistently rebuffed, as Mr. Brent followed him from his car to the steps of his apartment door.[3] Mr. Irwin asserts that he could not enter his apartment to protect himself without pushing Mr. Brent aside, and therefore he did so. Jennifer Silver, Mr. Irwin's neighbor, corroborated his testimony. "Everyone has the right to defend his person or property, so long as he uses only as great a defensive force as is necessary for that purpose." *Dean v. Nunez,* 423 So.2d 1299, 1301 (La.App. 4 Cir. 12/1/82) (citation omitted). The

---

[3] Although the testimony of Andre Chevalier, an individual who attempted to repair the plumbing on the premises, was taken on the date of trial, and to some extent it conflicted with Mr. Irwin's testimony, Mr. Chevalier testified in the defense case; thus, his testimony cannot be considered for the purposes of an involuntary dismissal under La. C.C.P. 1672.

4

evidence presented by Mr. Irwin during his case-in-chief establishes that he used only the force necessary to defend himself when he pushed Mr. Brent. It does not "reasonably appear" that Mr. Irwin impliedly consented to continue the altercation by pushing Mr. Brent aside and turning away to escape into his apartment. Whether Mr. Irwin "consented" and whether Mr. Brent's force was reasonable requires a credibility determination which can only be determined if the trial court accepts further evidence.

Our review of the record establishes that Mr. Irwin carried his burden of proving the *prima facie* elements of battery. On remand to the trial court, Mr. Brent may present evidence to establish that he is without fault because his actions were justified, as in the case of self-defense. *See Landry*, 2002-1443, p. 15, 851 So.3d at 954. In addition, if Mr. Brent does not prevail in proving a complete justification for his actions, the trial court may consider any provocative conduct on the part of Mr. Irwin in allocating fault. *Id.,* 2002-1443, p. 16, 851 So.3d at 955.

## CONCLUSION

The testimony produced in Mr. Irwin's case-in-chief establishes that a battery occurred. However, whether the amount of force exerted by Mr. Brent was reasonable and necessary can only be determined by considering further testimony. The facts adduced at trial establish that Mr. Irwin pushed Mr. Brent; however, whether Mr. Brent's actions were in self-defense or reasonable to bar civil recovery under La. R.S. 9:2800.19 requires additional testimony. The trial court granted the motion for involuntary dismissal without considering additional testimony. Accordingly, we find the trial court prematurely dismissed the case.

**DECREE**

For the foregoing reasons, the trial court was manifestly erroneous in granting an involuntary dismissal. Accordingly, the June 28, 2021 judgment of the trial court granting Mr. Brent's motion to dismiss is reversed, and the case is remanded for further proceedings.

**REVERSED AND REMANDED**