CRAIN, J.
12This is an appeal of a judgment declaring the nullity of a tax sale. We reverse and render judgment confirming the tax sale.
FACTS AND PROCEDURAL HISTORY
At a tax sale for unpaid 2004 taxes, Pamplemoussier, L.L.C., purchased an eighty percent undivided interest in immovable property located in East Baton Rouge Parish. The record owners of the property were Sheldon L. Poche, Jr., and Jana Mauroner Poche. The tax deed[1] was recorded in the mortgage and conveyance records and the - property was not redeemed.
In 2010, Pamplemoussier instituted this suit to confirm and quiet tax title. The Poches reconvened, alleging the nullity of the tax sale for failure to send statutorily required post-sale notices. No deficiencies in pre-sale procedures or notices were raised. The trial court denied Pamplem-oussier’s subsequent motion for summary judgment, which sought to confirm and quiet title. After trial on the merits, the trial court rendered judgment declaring the tax sale to be null. Pamplemoussier appeals.
DISCUSSION
The Poches argued, both in opposition to the motion for summary judgment and at trial, that the requisites for a valid tax sale were not complied with because Pamplemoussier did not provide them with the post-sale notice required by former Louisiana Revised Statute 47:2183C.[2] Pamplemoussier countered by arguing that |sthe post-sale notices were sént, but assuming arguendo that if they were not, that noncompliance with Section 2183C would not invalidate the sale.[3]
A tax purchaser’s suit to quiet tax title puts that title at issue and the *482 former owners may avail themselves of any defense sufficient to defeat the tax title. Smitko v. Gulf South Shrimp, Inc., 11-2566 (La.7/2/12), 94 So.3d 750, 757. A tax sale is. presumed to be valid and the tax deed is prima facie evidence of the regularity of the tax adjudication proceedings. See La. Const. art. VII, § 25 A(1); Lewis v. Succession of Johnson, 05-1192 (La.4/4/06), 925 So.2d 1172, 1177; Cressionnie v. Intrepid, Inc., 03-1714 (La.App. 1 Cir. 5/14/04), 879 So.2d 736, 739. The former owner bears the burden of proving any alleged defects based on allegations of irregularities in the tax adjudication proceedings. Cressionnie, 879 So.2d at 739. If the former owner sufficiently rebuts the presumption of regularity, the tax purchaser must then prove that all requisites for a valid sale were complied with. Id.
At trial,, after Pamplemoussier offered the certified copy of the tax deed and prayed for judgment confirming the tax sale and tax title, the Poches offered no testimony or other competent evidence. Their attorney argued that the entire record was before the court, including the affidavit of Ms. Poche that was submitted in opposition to the prior motion for summary judgment. In the affidavit, Ms. Poche attested that they received no post-sale notices. Pamplemoussier objected to the affidavit.
The tax deed was prima facie evidence of the validity of the tax adjudication proceedings. Cressionnie, 879 So.2d at 739; see also La. R.S. 47:2155 B and La. jyConst. art. VII, § 25A(1), It was then the Poches’ burden to prove an alleged irregularity in the tax adjudication proceeding. See Cressionnie, 879 So.2d at 739, In the absence of evidence to rebut the validity of the tax sale, Pamplemoussier was not required to prove that all requisites for a valid sale were complied with. See Id.
The presumptive validity of a tax sale can. be rebutted only' by direct and positive evidence to the contrary. Pfefferle v. State of Louisiana, 14 Orleans App. 211, 212 (1916). A sworn affidavit is hearsay and is not competent evidence unless its use is specifically authorized by statute. Michael F. Smith, CPA v. Alford, 04-0586 (La.App. 1 Cir. 3/24/05), 906 So.2d 674, 676. Accordingly, the affidavit was not admissible evidence and cannot be considered.
While the Poches’ attorney argued that the post-sale notices required by Section 2183C were not provided, the argument of counsel, no matter how artful, is not evidence. Rising Resources Control, Inc. v. KIE Commodities and Finance, L.L.C., 11-1026 (La.App, 1 Cir. 12/21/11), 80 So.3d 1217, 1220, writ denied, 12-0658 (La.4/27/12), 86 So.3d 632.
The Poches failed to introduce competent evidence to rebut the validity of the tax sale. Consequently, Pamplemoussier was entitled to have the tax sale and tax title confirmed.[4]
CONCLUSION
Considering the foregoing, we reverse the judgment of the trial court, which annulled the tax sale. Judgment is rendered in favor of Pamplemoussier, L.L.C., recog *483 nizing and confirming the validity of the June 6, 2005 tax sale of an undivided eighty percent interest in Lot 4, Square 1, located in Monte Vista ^Subdivision, -City of Baton Rouge, Parish of East Baton Rouge, as set forth in the tax deed recorded at Original 986, Bundle 11738. Costs of this appeal are assessed to Sheldon L. Poche, Jr., and Jana Mauroner Poche.
REVERSED AM) RENDERED.
KUHN, J., concurs & assigns reasons.

. The tax deed at issue relates to Lot 4, Square No. 1, Monte Vista Subdivision, situated in the City of East Baton Rouge, Parish of East Baton Rouge,

. See 2004 La/Acts, No. 819, § 1; see also 2004 La. Acts, No. 430, § 2, and 2003 La. Acts, No. 942, § 1; Cf La. R.S. 47:2156 A.

. In written reasons, the trial court framed the issue presented as whether Pamplemous-sier’s failure to provide the post-sale notices required by former Section 2183C is grounds for nullity of the tax sale, and stated that Pamplemoussier conceded that the notices were not sent, and ¿rgued that they were not necessary. The record does not reflect such a concession. Pamplemoussier’s attorney asserted at trial that the post-sale notices were sent and attempted to offer evidence, referred to as "the green card," but the Poches’ attorney objected. While Pamplemoussier’s attorney argued the effect of noncompliance with former Section 2183C in response to the trial court’s questions, he never conceded the fact of noncompliance.

. Our decision rests on the lack of evidence to rebut-the presumption of validity of the tax sale. We do not address whether failure to comply with former Section 2183C would render the tax sale a nullity, although we note that failure to comply with a similar requirement contained in former Louisiana Revised Statute 47:2180 A(l)(b) has been determined by the Louisiana Supreme Court to not support nullifying a tax sale. See Hamilton v. Royal International Petroleum Corporation, 05-846 (La.2/22/06), 934 So.2d 25; See also La. R.S. 47:2121 D.