CRAIN, Judge.
Plaintiffs, tort victim and his family, appeal a jury award of general damages in the amount of $110,500[1] and loss of consortium awards of $2,500 and $5,000, respectively, for his wife and each of his three children. We reverse the judgement of the trial court and remand the matter to the district court for further proceedings consistent with the opinion expressed herein.
The four issues raised on appeal concern the propriety of the damage award and the refusal of the trial court to grant various motions attacking the award.
On March 2, 1989, plaintiff Roger Morgan, a 43 year old government worker with United States Custom Service, sustained injuries to the cervical spine when the vehicle he was driving was struck from the rear by a vehicle owned and operated by Herbert Belanger and insured by Allstate Insurance Company. At the time of the accident, Mr. Morgan’s vehicle was stopped at the intersection of Louisiana Highway 24 and Clendenning Road in Terrebonne Parish.
Mr. Morgan was seen by Dr. Leslie Walker on the day following the accident. He was treated by Dr. Walker, for neck and shoulder pain, for a period of two weeks, before being discharged.
Thereafter, the plaintiff consulted Dr. Donald Judice, a neurosurgeon, who diagnosed the plaintiffs condition as a cervical sprain that involved bulging in the areas of C3 through C6. According to Dr. Judice, the plaintiff would require two operative procedures (i.e., anterior cervical fusions) to correct this condition. Dr. Judice found plaintiff to have a 15%-20% total body impairment which he postulated would increase to 30%-35% following the recommended surgeries. The plaintiff was medically retired from his government employment, upon the recommendation of Dr. Ju-dice.
On May 10, 1989, plaintiff Roger Morgan filed this action for damages for personal injury and disability resulting from this vehicular accident. His wife and children sought recovery for loss of consortium.
The parties stipulated to defendant’s liability and the matter was tried, before a jury, on March 4-7, 1991. Judgment was rendered March 22, 1991, in favor of plaintiff, Roger Morgan, and against defendant driver and his insurer in the sum $110,500. A judgment for loss of consortium was rendered in favor of Maureen Morgan, the tort victim’s wife, for $2,500 and in favor of each of the tort victim’s three children in the sum of $5,000.
On March 26, 1991 plaintiffs filed a motion for a new trial, and in the alternative, motions for a judgment not withstanding the verdict and/or additur, which was opposed by the defendant. On June 4, 1991 the district court rendered judgment denying these motions. In his three page reasons for judgment, the trial judge made the following pertinent comments:
This is an unusual case in that Mr. Morgan was a Federal Civil Servant carrying a particular GS rating employed by United States Customs, having been employed for some years previously by the Bureau of Alcohol, Tobacco and Fire Arms as a GS employee. The job security of Federal Civil Service employees probably exceeds that of even teachers therefore the loss of future wage and loss of future retirement is calculable mathematically and is almost a certainty. The jury ignored the evidence in for *137 example awarding to Mr. Morgan the sum of THREE THOUSAND & NO/lOO ($3,000.00) DOLLARS for pain and suffering and THREE THOUSAND & NO/ 100 ($3,000.00) DOLLARS for future pain and suffering. Even by the standard imposed by Defendant’s expert, Dr. Levy, with reference to the duration and extent of pain involved here, these amounts are woefully inadequate.
Mr. Morgan was rear-ended by the Defendant driver, suffered an injury to his cervical spine, underwent surgical treatment[2] for it and because of the injury which he sustained, and for no other reason, was medically involuntarily retired. The retirement benefits which he collects at this time are a fact and were introduced into evidence. The retirement benefits which he would have collected had he worked until his retirement age and even allowing for little or no routine promotion created in this Court’s opinion a mathematical fact so with the difference between his actual retirement and his retirement that would have been had he not been medically retired was almost a certainty, again given the tenure of the average Federal Civil Service employee. That figure testified to by Dr. Rice, an economist, and uncontradicted, amounted to six figures. The amount awarded by the jury as noted above was $50,000.00.
The jury made no award for. loss of future earning capacity and made an award for permanent disability of the body in the amount of $5,000.00. While the Court does not agree with those figures, they were not so far out of line that a jury could not have reached them.
The Court feels compelled to comment on the testimony of the physicians which occurred at the trial. Dr. Donald Judice, a neurosurgeon, was the treating physician who treated Mr. Morgan for a protracted period of time and performed the surgery on him. Dr. Levy, on the other hand, saw Mr. Morgan for, by his own admission a period of five or six minutes, but perhaps extending as long as eight minutes. The Court believes that the jury ignored the charge which the Court gave it with reference to the opinion and testimony of a treating physician being entitled to greater weight than that of a physician who examines a party solely for the purpose of testifying in Court.
While this Court is sorely tempted to grant a new trial or a JNOV as prayed for, it has been the court’s experience that when this occurs, the Appellate Courts look upon it with disfavor. Therefore, in order to accomplish what the Court would think proper, that is a revision of some of the items contained in the judgment, the Court will deny the Motion for New Trial and for JNOV but will honestly solicit the Court of Appeal’s assistance in righting what appears to this Court to be a wrong. If, in the exercise of their sound discretion the Court of Appeal sees fit to let these awards stand, then it will have been of no use for this Court to grant a new trial or a JNOV because that ruling would have been reversed.
Accordingly, the Motion for a New Trial/JNOV is denied. (Emphasis Supplied)
In their first assignment of error plaintiffs argue that the trial court erred in not granting their motion for a new trial. We agree and, for this reason, will pretermit a discussion of the remaining three assignments of error.
Louisiana Code of Civil Procedure, Article 1972 provides the peremptory grounds for a new trial, and reads in pertinent part:
C.C.P. Art. 1972 Peremptory grounds
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence. (Emphasis Added) * * *
In Kaplan v. Missouri Pacific Railroad Co., 409 So.2d 298 at 302 fn. 1 (La.App., 3rd Cir., 1981) the court discussed the man *138 datory nature of this codal article. The court in Kaplan, id. stated:
We know of no statutory or jurisprudential authority allowing a trial judge to deny a motion for a new trial, while in the same breath stating for the record that the jury verdict is contrary to the law and evidence. On the contrary, C.C.P. Article 1972 mandates that a new trial shall be granted “where the judgment appears clearly contrary to the law and the evidence ...” Article 1972 of the Code of Civil Procedure is mandatory and should be followed by the various trial courts ... If a trial judge feels, and so states for the record, that the jury verdict is contrary to the law and the evidence, then he must grant, upon proper motion, a new trial (under clear provisions of C.C.P. Article 1972), having no authority to transfer to, or “allow” a court of appeal to hear a case “in the interest of judicial economy”.
In this case, it is clear, from the trial judge’s reasons for judgment that he was of the opinion that the jury verdict was contrary to the law and evidence. He, nonetheless, denied the plaintiffs motion for a new trial. This action was in error. The trial judge has no discretion under such circumstances. He is mandated by Article 1972 to grant the new trial. For this reason we reverse the judgment of the trial court and remand[3] the case to the district court for further action which is in accord with this opinion. Appellees shall bear the costs of this appeal.
REVERSED AND REMANDED.

. This sum consists of $3,000 past medical expenses; $10,000 future medical expenses; $3,000 past physical and mental pain and suffering; $3,000 future physical and mental pain and suffering; $31,500 loss of past wages; $50,000 loss of retirement benefits; $5,000 future rehabilitative expenses and $5,000 permanent disability.

. The record indicates that, although surgery was recommended, plaintiff had not undergone surgery as of the time of the trial.

. In the Kaplan case, supra, the reviewing court felt constrained to render a judgment on the merits, rather than remand the case for a new trial. The Kaplan case, however, is factually distinguishable from this case. In Kaplan the court was faced with a conflict which was tried over a 3 weeks period. Additionally, the matter had spanned 8 years and the litigants could have confronted with a situation of missing and/or dead witnesses if the matter were to be retried.
In this case those facts are not present. Moreover, to act otherwise, is to condone the actions of the trial court judge in abrogating the responsibilities of his office. For these reasons we feel compelled to remand this matter for a new trial.