PER CURIAM.
After a four-day trial, the jury awarded damages of $110,500.00. On motions for new trial or judgment notwithstanding the verdict, the trial judge noted in his reasons for judgment that several items of damages in the jury verdict were “woefully inadequate.” Nevertheless, the judge declined to grant the relief apparently deemed appropriate, but solicited the appellate court’s assistance in “righting” the “wrong.” The court of appeal reversed and remanded, noting that the trial judge was mandated to grant a new trial when he found the verdict was contrary to the law and evidence. 612 So.2d 135 (La.App. 1st Cir.1992).
We now reverse the decision of the court of appeal for several reasons. The court of appeal was justly concerned about the trial court’s declining to discharge its function, but that concern should not necessitate an extended second trial. First, the record is complete, and the judicial efficiency facilitated by the constitutional authority for appellate review of facts dictates that the case should not be retried for four more days of jury time and litigant expense. Second, the seemingly appropriate procedure under the trial court’s views was not to grant a new trial, but rather to render a judgment notwithstanding the verdict on selected items of damages, a judgment which would have been subject to appellate review under the standard of whether reasonable minds could differ. The appellate court can determine whether the evidence requires an increase in the award as to these items of damages.
Accordingly, the judgment of the court of appeal is set aside, and the case is remanded to the court of appeal to decide the case.
WATSON, J., not on panel.