633 So.2d 173 (1993)
Roger B. MORGAN, et al.
v.
Herbert BELANGER, et al.
No. 91 CA 1748R.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
Writ Denied February 11, 1994.
Michael J. Samanie, Houma, for plaintiffs and appellantsRoger and Maureen Morgan.
*174 James L. Donovan Jr., Metairie, for defendants and appelleesAllstate and Herbert Belanger.
Before EDWARDS, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This matter is before this Court on remand from the Louisiana Supreme Court. Morgan v. Belanger, 617 So.2d 897 (93 C 0611, 1993).
On November 20, 1992, we reversed the trial court judgment and remanded the matter to the district court for the trial judge to grant a new trial because the reasons for judgment indicated the trial judge apparently felt the jury verdict was wrong as to the amount of damages awarded. Morgan v. Belanger, 612 So.2d 135 (La.App. 1st Cir. 1992). In reversing this decision and remanding this matter, the Supreme Court expressed this directive:
... the seemingly appropriate procedure under the trial court's views was not to grant a new trial, but rather to render a judgment notwithstanding the verdict on selected items of damages, a judgment which would have been subject to appellate review under the standard of whether reasonable minds could differ. The appellate court can determine whether the evidence requires an increase in the award as to these items of damages.
Accordingly, the judgment of the court of appeal is set aside, and the case remanded to the court of appeal to decide the case.
We interpret this language to mean this court erred in remanding the case for a new trial; that the trial court "seemingly" should have handled the matter on a judgment notwithstanding the verdict as to damages, each decision could then have been reviewed by us under the appropriate standard. In any event, we are to decide the case as it is presented to us which is simply a jury trial where a verdict has been reached and the trial court has refused to modify that verdict in spite of statements made reflecting personal feelings to the contrary. Our duty is thus to review the matter based upon the assignments of error presented by the appellant. Four assignments of error are made which we will review in the order presented.

I. THE TRIAL COURT ERRED IN FAILING TO GRANT MOTION FOR NEW TRIAL.
This assignment has been disposed of by the Supreme Court insofar as requiring the trial court to grant a new trial based upon his expressed feelings. We originally remanded this case for the trial judge to grant a new trial on the question of damages if he truly disagreed with the verdict of the jury. The reason we chose the vehicle of remand for the trial court to grant a new trial is because of the different standard a trial judge is free to use in granting a new trial as opposed to granting a JNOV. As we pointed out in Petitto v. McMichael, 588 So.2d 1144 at 1149 (La.App. 1st Cir.1991) writ denied, 590 So.2d 1201 (La.1992), "[i]n a motion for a new trial, the trial judge is free to evaluate the evidence without favoring either party; he may draw his own inferences and conclusions, and may evaluate the credibility of the witnesses to determine if the jury has erred in giving too much credence to an unreliable witnesses" (emphasis added). On appeal, the appellate court is limited to a determination of whether a trial judge abused his much discretion in granting a new trial. Petitto, 588 So.2d at 1149.
On the other hand, with a motion for JNOV a trial judge can grant that motion, "only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach a contrary verdict." Petitto, 588 So.2d at 1147. The trial judge must construe the evidence and make inferences in favor of the party opposing the motion. Petitto, 588 So.2d at 1147. "Further, the trial judge may not weigh the evidence, pass on the credibility of witnesses substitute its own judgment for that of the jury." Petitto, 588 So.2d at 1147 (emphasis added). The standard of review for appellate courts in reviewing the grant of a JNOV is to use the same criteria as the trial judge. Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991).
It is therefore, entirely possible that when the reasons underlying his disagreement *175 with the jury are based upon credibility determinations, the trial judge might not be able to grant a JNOV, but be correct in granting a new trial. Petitto, 588 So.2d at 1149.
The reason appellant claims the jury verdict is clearly contrary to the law and evidence and a new trial should be granted is because appellant claims the jury ignored the jury charge that the testimony of the treating physician should be given greater weight than the physician who examines a party in order to testify in court. It is also asserted that for that reason the damages awarded do not correspond to the injuries proved. It is also apparent that the trial judge felt that not enough weight was given the testimony of the treating physician. However, our review of the record reflects that the trial judge specifically and clearly instructed the jury as to the weight to be given a treating physician's testimony. We cannot assume the jury disregarded that instruction if the jury chose to accept the testimony of Dr. Richard Levy over the testimony of Dr. Donald Judice. Only the trial court, on a motion for a new trial, can make different credibility determinations. This is prohibited here since the trial judge cannot grant a new trial. Our review, where a new trial is not granted, is to determine whether the decision of the trier of fact, the jury, is manifestly erroneous, or when damages are involved, is an abuse of discretion. We make that review here under assignment of error number 4.
This assignment of error is without merit.

II. "ERROR NUMBER 2: ALTERNATIVELY, THE TRIAL COURT ERRED IN NOT GRANTING AN ALTERNATIVE MOTION FOR AN ADDITUR."
If the trial judge is of the opinion that the jury verdict is so excessive or inadequate that for that reason only a new trial should be granted, it may enter in lieu thereof an additur or a remittitur. La.C.C.P. art. 1814. "The Louisiana statutory scheme requires the consent of the party adversely affected by an additur or remittitur." Miller v. Chicago Insurance Company, 320 So.2d 134, at 136 (La.1975). (emphasis added). Since a new trial cannot be granted under the order of the supreme court, neither can an additur.
This assignment of error is without merit.

III. "ERROR NUMBER 3: ALTERNATIVELY, THE TRIAL COURT ERRED IN NOT GRANTING AN ALTERNATIVE MOTION FOR A JUDGMENT NOTWITHSTANDING VERDICT."
In assignment of error number 3, it is argued that the trial court should have granted a JNOV. A JNOV can be granted only where the trial court finds that reasonable minds could not reach a contrary verdict. The trial court can make no credibility determinations, nor draw inferences therefrom. Petitto, 588 So.2d at 1147. We did not originally remand this case for the trial court to consider a JNOV as to damages, in spite of the trial judge's statement that he believed the jury ignored the evidence, because he stated in his reasons for judgment, in referring to the future earning and permanent disability awards: "[W]hile the court does not agree with those figures, they were not so far out of line that a jury could not have reached them." In other words, reasonable minds could have reached the verdict reached by the jury. Certainly, reasonable minds could have reached the verdict rendered as to the other awards since they were apparently based on credibility determinations made by the jury. Consequently, although seemingly appropriate according to the statements of the trial court, a review of the record reveals that JNOV was not an appropriate remedy, as the trial judge apparently recognized in his ultimate decision not to grant a JNOV We cannot say this finding was incorrect. Anderson, 583 So.2d at 832.
This assignment of error is without merit.

IV. "ERROR NUMBER 4: ALTERNATIVELY, THE TRIER OF FACT ABUSED ITS DISCRETION IN AWARDING DAMAGES."
Assignment of error number 4 is that the trier of fact abused its discretion.
*176 In Rosell v. ESCO, 549 So.2d 840 at 845-845 (La.1989), the Louisiana Supreme Court presented the following pertinent standard for our review of such matters:
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of `manifest error' or unless it is `clearly wrong,' and where there is conflict in the testimony, reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong....
In applying the manifestly erroneous clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo....
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witnesses's story, or the story itself is internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. (Citations and footnotes deleted, emphasis added).
We have reviewed the record and given great deference to the jury's findings. We are convinced that the jury's findings, with regard to damages, are based upon their decision to credit the testimony of Dr. Richard Levy over that of Dr. Donald Judice. We cannot say that this finding is manifestly erroneous nor clearly wrong under Rosell. If the injury sustained was clearly proved, it would be a simple matter to apply the doctrine of Youn v. Maritime Overseas Corp., et al., 623 So.2d 1257 (92 C 3017, 1993). The application of that doctrine would make us reluctant to find an abuse of the vast discretion of the jury in the damages assessed. However, a review of the record reveals the matter is not even that simple from plaintiff's perspective. In spite of the trial court's reference to the plaintiff having undergone surgery, the record reveals that when this case was tried and presented to the jury, there had been no surgery. In fact, the main conflict in the evidence was whether the plaintiff has a ruptured disc that needs surgical correction or does he merely have some bulge, as the result of a cervical strain, that requires no surgery. The experts presented by each side gave totally different views. The trial court instructed the jury as to the weight to be given to a treating physician, and we must assume they followed that instruction and still accepted the opinion of Dr. Levy that the plaintiff does not have ruptured discs. We are left with an acceptable factual finding of a cervical strain. The damages awarded for that injury, viewed from the perspective of an appellate court with limited ability to alter damages awarded by the trier of fact, are certainly within the vast discretion of the trier of fact. Youn, id.
This assignment is without merit.
For the reasons assigned the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.