644 So.2d 699 (1994)
Catherine J. PORCHE, Individually and on Behalf of her Minor Child Judy Porche
v.
WINN-DIXIE LOUISIANA, INC. and XYZ Insurance Company.
No. 93 CA 2075.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
Writ Denied December 16, 1994.
*700 Kentley R. Fairchild, Houma, for plaintiffs/appellants Catherine J. Porche, et al.
Clayton Lovell, Houma, for intervenor/appellee Terrebonne Parish Cons. Govt.
*701 Dixie C. Brown, Houma, for defendants/appellees Winn-Dixie Louisiana, Inc., et al.
Before EDWARDS, LeBLANC and PITCHER, JJ.
LeBLANC, Judge.
This is a slip and fall case in which Catherine J. Porche, plaintiff,[1] established that a foreign substance on the floor at Winn-Dixie caused her to fall and sustain injuries; however, the jury found the defendant store owner was not negligent and dismissed plaintiffs' case. The trial judge denied plaintiffs' motions for a judgment notwithstanding the verdict and for a new trial and plaintiffs appealed. The primary issue is whether the evidence was sufficient to meet the defendant's burden of proof required to rebut the presumption of negligence established by the former La.R.S. 9:2800.6.

FACTS
On September 12, 1989, while shopping at Winn-Dixie, Ms. Porche slipped and fell on a piece of a banana. Mr. Lee Quave was on duty as an assistant manager at the time. Mr. Quave did not witness the accident but sought out Ms. Porche in the store when he learned of her fall. She pointed out the banana on which she had fallen and told Mr. Quave she was "embarrassed". Ms. Porche continued her shopping, then left. In accordance with Winn-Dixie's policy, an accident report was completed.
Ms. Porche later experienced back pain and eventually had a laminectomy and a diskectomy at the L4 and L5 levels.
After trial, the jury returned a verdict finding Ms. Porche had sustained a fall and suffered injuries, but found no negligence by Winn-Dixie. Plaintiffs' motions for JNOV and new trial were denied and this appeal followed.

LAW AND DISCUSSION
Ms. Porche argues the jury erred in finding no negligence by Winn-Dixie. The standard of review by an appellate court of the jury's findings is the "manifest error clearly wrong" rule set out in Rosell v. ESCO, 549 So.2d 840 (La.1989), and more recently in Stobart v. State through DOTD, 617 So.2d 880 (La.1993). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart, 617 So.2d at 882.
The law applicable at the time of Ms. Porche's fall, found at La.R.S. 9:2800.6, provided, in part:
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant's premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
This shifting of the burden requires the plaintiff to prove she fell and that the fall was caused by a hazardous condition. Then the merchant must prove he acted in a reasonable manner in discharging his duty of care to keep the premises free of any hazardous condition.
Testimony at trial by Mr. Quave established it is the duty of all employees to be on the lookout for hazards and correct hazardous conditions when found and that his responsibility, as manager on duty, is to inspect the floor and look for hazards. Although there is no one person assigned with the single duty of sweeping and maintaining the floors, they are swept between three and five times a day. Between cleanings, all employees are to be alert to any hazards.
This system of inspection, the jury concluded, met Winn-Dixie's burden of acting in a reasonably prudent manner in exercising the duty of care the store owed to patrons to keep the premises free of any hazardous *702 condition and, therefore, Winn-Dixie was not negligent. We cannot say this conclusion is clearly wrong.
Ms. Porche also argues the trial court erred in failing to grant a JNOV. In Morgan v. Belanger, 633 So.2d 173, 174 (La.App. 1st Cir.1993), writ denied, 93-3121, (La. 2/11/94); 634 So.2d 832, this court discussed the standard when granting a JNOV, and stated:
[W]ith a motion for JNOV a trial judge can grant that motion, `only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach a contrary verdict.' Petitto [v. McMichael], 588 So.2d [1144] at 1147 [(La.App. 1st Cir.1991)]. The trial judge must construe the evidence and make inferences in favor of the party opposing the motion. Petitto, 588 So.2d at 1147. `Further, the trial judge may not weigh the evidence, pass on the credibility of witnesses [or] substitute its own judgment for that of the jury.' Petitto, 588 So.2d at 1147 (emphasis added [in original]). The standard of review for appellate courts in reviewing the grant of a JNOV is to use the same criteria as the trial judge. Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991).
In the instant case, the evidence showed that Winn-Dixie's system, utilizing the manager on duty and employees to clean and inspect the floor and to be on the look out for hazards, provided for regular checking and cleaning of the floors throughout the day. Therefore, the evidence presented could have led reasonable men to conclude this exculpated Winn-Dixie from liability. The denial of plaintiffs' motion for a JNOV was proper.
Plaintiffs also argue the trial court erred in failing to grant the motion for a new trial. Plaintiffs refer to the trial judge's comment, when he stated he did not agree with the verdict, as support for their argument. In addition, plaintiffs argue the verdict was contrary to the law and evidence.
A new trial shall be granted when the verdict appears clearly contrary to the law and evidence, when there is important newly discovered evidence, or if the jury was bribed or acted improperly. La.C.C.P. art. 1972. The judge may grant a new trial for good ground in any case. La.C.C.P. art. 1973. When considering a motion for new trial, the trial judge has wide discretion. See, La.C.C.P. art. 1971, Official Revision Comments to arts. 1971 through 1973; Braud v. Great Atlantic & Pacific Tea Co., 618 So.2d 1069, 1075 (La.App. 1st Cir.1993). However, the fact that a determination on a motion for new trial involves judicial discretion does not imply that the trial court can freely interfere with any verdict with which it disagrees. Gibson v. Bossier City General Hosp., 594 So.2d 1332, 1336 (La.App. 2nd Cir.1991).
In the instant case, although the judge stated his personal disagreement with the verdict, his comment, "Although I don't personally agree with the verdict, I don't think it's sufficient enough to grant a new trial or grant the JNOV", indicates he did not find his disagreement sufficient to grant a new trial. The trial judge's comments indicate his belief that the evidence could support a finding that the defendant had overcome the presumption of negligence.
Moreover, the verdict is not clearly contrary to the law and evidence. The law provided that the defendant was required to rebut the presumption of negligence. The system utilized by Winn-Dixie provided for periodic inspection and cleaning of the floors. The finding by the jury, that Winn-Dixie rebutted the legal presumption of negligence, was not clearly contrary to the evidence. Therefore, after reviewing the entire record, we conclude that the trial judge did not abuse his discretion by denying plaintiffs' motion for a new trial.
Because we conclude the jury's verdict and the trial court's denial of plaintiffs' motions were not error, we pretermit discussion of plaintiffs' other assignment of error, which is only applicable to the issue of damages.

CONCLUSION
For the forgoing reasons, the judgement of the trial court is affirmed. The costs of this appeal are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] Judy Porche, Ms. Porche's minor daughter, is also a plaintiff, seeking damages for loss of consortium as a result of Ms. Porche's accident.