| | | |
|---|---|---|
| **LOUIS R. KOERNER, JR.** | * | **NO. 2025-CA-0173** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **CERTAIN UNDERWRITERS** | * | **FOURTH CIRCUIT** |
| **AT LLOYD'S, LONDON,** | | |
| **SYNDICATES 0623 AND 2623,** | * | **STATE OF LOUISIANA** |
| **MS. ANDREA ST. PAUL** | | |
| **BLAND AND MR. DAVID** | * * * * * * * | |
| **SINNOTT BLAND** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-09768, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *
(Court composed of Chief Judge Roland L. Belsome, Judge Karen K. Herman,
Judge Monique G. Morial)

Louis R. Koerner, Jr.
KOERNER LAW FIRM
1204 Jackson Avenue
New Orleans, LA 70130-5130

Brandon J. Frank
ATTORNEY AT LAW
920 Poeyfarre Street
Suite 146
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT


Joshua G. Keller
Jose R. Ruiz
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130

      COUNSEL FOR DEFENDANTS/APPELLEES


                  **AFFIRMED**
                **OCTOBER 17, 2025**

KKH
RLB
MGM

Plaintiff, Louis R. Koerner, Jr. ("Koerner"), appeals the October 23, 2024 Judgment granting a Motion for Involuntary Dismissal in favor of Defendants, Andrea St. Paul Bland and David Sinnot Bland ("the Blands"). Koerner also appeals the October 31, 2024 Judgment denying his post-judgment filing, which the trial court considered as a Motion for Reconsideration or a Motion for New Trial. As explained in more detail below, Koerner also assigns error to two prior interlocutory rulings rendered in this proceeding. For the reasons that follow, we affirm all of the trial court's rulings.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This dispute between two neighbors has a protracted procedural history, some of which will not be recited herein as it is not pertinent to the matter now on appeal. On October 21, 2022, Koerner instituted this action alleging that his next-door neighbors, the Blands, erected a common masonry wall between the two properties that was partially placed on his property (a trespass), and which

interfered with the servitude of natural drain in violation of La. C.C, art. 655.[1] The petition asserts that historically, there was a chain link fence between the properties that allowed surface water to drain from Koerner's property (the dominant estate-situated above) to the Blands' property (the servient estate-situated below). Koerner claimed that the common wall interfered with the servitude of natural drain resulting in damage to the foundation of his home.[2]

On January 9, 2023, Koerner filed a First Amended Petition and Request for Permanent Injunction seeking removal of the common wall. On March 26, 2023, Koerner again amended his petition seeking a mandatory injunction for the removal of a carport on the Bland's property, which Koerner claimed was too close to his property, creating a safety hazard. Koerner does not allege that the carport trespassed on his property or interfered with the servitude of natural drain. On April 12, 2023, Koerner filed an Amended and Restated Petition adding claims for personal injury damages and lost wages.

On June 20, 2023, the Blands filed exceptions including a peremptory exception of prescription. The exception sets forth that Koerner's tort claims for trespass and for any damages caused by the alleged violation of the servitude of natural drain were prescribed for failure to file suit within one year of when Koerner knew or should have known of the alleged damage to his home.

The record reflects that the chain link fence was removed and the common wall was completed in 2015. The Blands argued that in July of 2017, Koerner

---

[1] La. C.C. art. 655 provides that "[a]n estate situated below is the servient estate and is bound to receive the surface waters that flow naturally from a dominant estate situated above unless an act of man has created the flow." La. C.C. art. 656 further provides that "[t]he owner of the servient estate situated below may not do anything to prevent the flow of the water. The owner of the dominant estate situated above may not do anything to render the servitude more burdensome."

[2] The petition also names Koerner's homeowner's insurer, alleging that his home sustained damages from Hurricane Zeta on October 28, 2020.

wrote a letter to the Blands complaining about the common wall, thus confirming that he knew of the possible claim against the Blands, more than five years prior to filing suit. The letter was attached as Exhibit 1 to Koerner's January 9, 2023 First Amended Petition.

A Judgment was rendered on September 7, 2023, sustaining the exception of prescription as to Koerner's trespass claim, dismissing that claim with prejudice. The exception of prescription as to the alleged violation of the servitude of natural drain was overruled.

After reconsideration by the trial court, a Judgment was rendered on October 16, 2023, sustaining the exception of prescription "as it relates to Koerner's claims for damages related to the alleged violation of the servitude of natural drain." The judgment further provided that Koerner's claims for injunctive relief were not dismissed.[3] Koerner filed a Motion for New Trial, which was denied. After a rehearing on April 26, 2024, a Judgment was rendered on May 10, 2024, denying Koerner's Motion for New Trial. Koerner did not seek review of the May 10, 2024 Judgment.

In connection with the injunction proceedings, a Scheduling Order and Pre-Trial Notice was issued on February 7, 2024, setting discovery and other pre-trial filing deadlines. Koerner's request for mandatory injunction to tear down the common wall and carport was set for hearing on October 8, 2024, and continued to October 21, 2024.

---

[3] It is undisputed that an action for injunctive relief to enforce a natural servitude pursuant to La. C.C. art. 656 does not prescribe. *See Gaharan v. State Department of Transportation and Development*, 579 So.2d 420, 422 (La. 1991).

On July 19, 2024, the Blands filed a Motion to Strike and Exclude Expert Witness for Failure to Comply with Mandatory Disclosure Deadlines. Therein, the Blands asserted that Koerner submitted a September 29, 2023 preliminary draft report from his primary expert, Michael Gurtler ("Gurtler"), but failed to produce Gurtler's final report by the April 17, 2024 deadline set by the trial court. The motion additionally alleged that Koerner refused to provide dates for Gurtler's deposition and never moved for a continuance of any pre-trial deadlines. Finally, the Blands asserted that Koerner failed to produce any expert reports or medical records from any of the other experts named in his final witness list.

The matter was heard on August 30, 2024. Judgment was rendered on September 10, 2024, granting the Blands' motion as to Koerner's listed experts, Jeff Poree, John Poree, Louis Relee, Lauren Baker, and Dr. T.J. Borgan, excluding them from testifying at trial. The motion was denied as to Gurtler, providing that Gurtler was allowed to testify at the injunction trial, but he would not be permitted to amend his opinions stated in his preliminary report and damage estimate. The Judgment further extended the discovery deadline "for the sole purpose of allowing the deposition of Mr. Gurtler to take place on or before September 20, 2024." Koerner was ordered to provide dates for Gurtler's deposition by September 4, 2024, and to produce his reliance materials seventy-two (72) hours prior to his deposition."

On September 6, 2024, the Blands filed a Motion to Strike and Exclude Michael Gurtler and Gurtler's Expert Reports for Repeated Failure/Refusal to Comply with Court's Orders with Request for Expedited Consideration. The Blands asserted that Koerner repeatedly failed to comply with the trial court's orders surrounding expert discovery.

4

On September 20, 2024, Koerner filed an Emergency Motion and Included Memorandum to Implement the Blands' Judicial Admissions by Entry of Mandatory Injunction Ordering Removal of the Seven Foot Wall Admittedly Violating LA. CODE arts. 655 and 656 and to Implement the Stay Order of the Fourth Circuit by a Formal Order Continuing the October 8, 2024 Injunction Trial and All Pre-Trial Deadlines. In this pleading, Koerner asserted that "the Blands have judicially admitted violations of the servitudes (including Arts. 655 and 656) by the erection and continued presence of the seven-foot impenetrable wall with three-foot footings."

Both matters were heard on October 4, 2024. A Judgment was rendered on October 18, 2024, providing that "Michael Gurtler and his expert reports are hereby excluded from trial, in any capacity." Additionally, Koerner's Emergency Motion to Implement the Bland's Judicial Admissions was denied. Koerner did not seek supervisory review of the October 18, 2024 Judgment.

The trial on the injunction was heard on October 21, 2024. On the morning of trial, the Blands filed a Motion to Strike and Exclude Plaintiff's Trial Exhibits for Failure to Comply with Court Disclosure Deadlines and Discovery Deadlines and Discovery Obligations with Incorporated Memorandum in Support. The Blands asserted that Koerner failed to comply with the court's Pre-Trial Order by failing to provide the Blands with his final exhibit list and copies of his trial exhibits. It was further argued that Koerner provided the court (but not the Blands) with an amended exhibit list on October 17, 2024, which identified approximately one hundred (100) undisclosed photographs, some of which were previously excluded as part of the Gurtler draft report. They maintain that shortly after delivering their bench book to Koerner on October 18, 2024, they received an

5

email from someone in Koerner's office that contained links to Koerner's exhibits, but that access to the links was denied. The Blands argued that Koerner failed to respond to a follow-up request to gain access to the links.

At trial, in response to the Blands' motion, Koerner stated that "all of these exhibits are ones that have been provided with expert reports and this kind of stuff." Koerner then acknowledged that his office staff did not provide the Blands with the exhibits as he instructed, noting only that the exhibits were turned over at trial.

The record reflects that the trial judge read at length from the Scheduling Order and the Division "E" Trial Requirements. Determining that Koerner was not in compliance, the motion to strike Koerner's exhibits was granted and the trial moved forward on the preliminary injunction.

During his case-in-chief, Koerner testified as to why he believed the Blands' common wall violated the servitude of natural drain resulting in damage to his home. Koerner called no witnesses.

Following the presentation of Koerner's case, the Blands moved for an involuntary dismissal on the injunction, arguing that no evidence was presented other than Koerner's own self-serving testimony as to the alleged violation of the servitude of natural drain. The motion was granted.

In oral reasons, the trial court stated:

> There is insufficient evidence to show this Court that a mandatory injunction is warranted for violation of the servitude of natural drain. The establishment of servitude of natural drain is required to be shown. The Court does not find that there's been sufficient evidence or testimony to prove that and that there's been a violation of that by construction of the wall or the carport.

6

A written judgment was signed on October 23, 2024, dismissing Koerner's claims for injunctive relief, with prejudice.

On October 24, 2024, Koerner filed a second Verified Motion for Mandatory Preliminary Injunction, again seeking the removal of the common wall and carport based on the arguments previously advanced. Koerner attached copies of his exhibits and expert reports that were previously excluded.

In response, the trial court rendered a judgment on October 31, 2025, without a hearing, denying the post-trial pleading, considering it to be a "Motion for Reconsideration or Motion for New Trial." The trial court further determined that the motion was "devoid of facts or law reasonably calculated to change the outcome of the mandatory injunction trial …." Koerner's timely appeal followed.

On appeal, Koerner asserts the following assignments of error:

1. Koerner alleged in his amended and restated petition that his first knowledge that the damage undermining the foundation of his house was caused by water retention caused by the impenetrable wall and footer was [sic] on April 7, 2023. By using a standard of consideration that ignored Koerner's factual allegations and based solely on the Blands' hearsay allegations and filings, the district court granted an exception of prescription, an interlocutory judgment, on October 6, 2023 that dismissed Koerner's personal and property damage claims.

2. The district court denied, without a hearing or reasons, Koerner's imprescriptible claims for injunctive relief for undisputed and judicially admitted violations by the Blands of, inter alia. Articles 655-656 for the concrete block wall and their property's continuing elevation. An immediate Art. 3612 appeal followed the last such denial.

3. The district court improperly denied Koerner's attempt to enforce the judicial admission that the Blands' wall violated Art. 655-656. That admission could not be justified by assertion of the primacy of the New Orleans Municipal Code.

7

4. The district court erroneously failed to honor the procedural distinction between interlocutory and final judgments or the standard of consideration of motions for relief under La. C.C.P. Art. 1915(B)(1) permitting multiple reconsiderations. As was established in *Koerner v. Certain Underwriters at Lloyd's London*, 2024-00134 (La. 3/19/24), 381 So.3d 702, only judgments that are final or designated final [La. CCP Art. 1915(B)(2)] are governed by La. CCP Art. 1971, et seq. on timing and a stricter standard of consideration.

5. Despite the applicable standard of consideration that petition allegations [April 8, 2023] must be accepted as true in considering prescription exceptions, the district court, based on inadmissible affidavits and other hearsay contentions, granted that exception for damage claims and refused reconsideration.

6. Although the wall as an unlawful work of man was uncontested, the district court, without a hearing or reasons, refused on multiple occasions to grant the imprescriptible mandatory injunctive relief that the offending wall be removed.

At the outset, we note that Koerner does not assign error to the trial court's evidentiary ruling striking his trial exhibits. Additionally, Koerner does not brief the issue with this Court. Uniform Rules-Courts of Appeal, Rule 2-12.4(B)(4) provides that "[a]ll assignments of error and issues for review shall be briefed. The court may deem as abandoned any assignment of error or issue for review which has not been briefed." Accordingly, we pretermit any discussion regarding this evidentiary ruling.

We also note that Koerner does not specifically assign error to granting of the Blands' motion for involuntary dismissal of the injunction proceedings. However, in Assignments of Error 2, and 6, Koerner does allege that the trial court erred in denying his claims for injunctive relief without reasons or hearing, referring to the trial court's October 31, 2024 ruling on his post-trial motion for injunction, *i.e.*, the Motion for Reconsideration/Motion for New Trial. Because those issues are

8

inextricably intertwined, we exercise our discretion to review the ruling on the involuntary dismissal of the injunction proceedings.

The remaining Assignments of Error are directed to the prior interlocutory rulings. In Assignments of Error 1 and 5, Koerner asserts that the trial court erred in granting the Blands' Peremptory Exception of Prescription in the October 16, 2023 Judgment. Assignment of Error 3 asserts that the trial court erred in denying Koerner's Emergency Motion to Implement the Bland's Judicial Admissions in the October 18, 2024 Judgment.

For ease of discussion, we will address the assignments of error in two parts: (1) the denial of Koerner's claims for injunctive relief; and (2) the prior interlocutory rulings.

### (1). *The Denial of the Mandatory Injunction Claims: Including the Granting of the Blands' Motion for Involuntary Dismissal and the Denial of Koerner's Motion for Reconsideration/Motion for New Trial*

#### (a) *Involuntary Dismissal*

At trial on the merits of the injunction claims, Koerner presented nothing other than his own testimony. The Blands were not called to testify, and, as stated above, the trial court struck Koerner's exhibits and expert testimony. Koerner did not proffer his exhibits.[4]

---

[4] As we explained in *McBride v. Lichtenstein*, 2017-0715, p. 31 (La. App. 4 Cir. 12/5/18), 260 So.3d 658, 678:

> La. C.C.P. art. 1636 allows for a proffer of evidence when the trial court has ruled that evidence inadmissible. In such a situation, "[i]t is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion is error." *Mazzini v. Strathman*, 2013-0555, p. 5 (La. App. 4 Cir. 4/16/14), 140 So.3d 253, 256-57 (citing *Grusich v. Grusich*, 447 So.2d 93 (La. App. 4 Cir.1984)).

Koerner testified that his house started to shift after the common wall was built. He acknowledged that when he wrote a letter to the Blands in 2017, complaining about the wall, he also had a lawsuit pending against his insurer for roof damage and plumbing leaks.

Koerner explained that since the common wall was built, the flow of water seeps underneath and undermines the brick footings of his home. He denied having any video evidence of any such occurrence. Koerner acknowledged that he has no drawings, illustrations, or diagrams to show how the common wall violates the servitude of natural drain. Specifically, he denied having any flow studies, elevation surveys of the two properties to show which property is higher, topographical maps, or anything to show the slope angle between the properties. He also denied having any notices of violations from the City of New Orleans regarding the common wall and carport. In fact, Koerner stated that no complaints were filed.

After the presentation of Koerner's case, the Blands sought dismissal of the injunction proceedings on both the common wall and the carport, arguing that Koerner presented no evidence to demonstrate a violation of the servitude of natural drain. In response, Koerner only stated that the Blands conceded that they built the common wall and carport and that the common wall was clearly a violation of the servitude of natural drain, causing damage to his property.

The procedure for involuntary dismissal is governed by La. C.C.P. art. 1672(B), which provides:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not

10

granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

In *A-MMED Ambulance, Inc. v. Community Care, LLC*, 2024-0417, p. 6 (La. App. 4 Cir. 12/9/24), 407 So.3d 663, 669, this Court stated:

> "A motion for involuntary dismissal may be granted only when the plaintiff has failed to establish his case by a 'preponderance of the evidence.' " *Webb v. Smith*, 555 So.2d 556, 557 (La. App. 4th Cir. 1989) (citation omitted). A trial court must weigh and evaluate all the evidence, which has been presented by the plaintiff, and determine whether he has established a prima facie case. *Greenup v. Roosevelt*, 2018-0892, p. 4 (La. App. 4 Cir. 3/20/19), 267 So.3d 138, 141-42.

"An appellate court reviews involuntary dismissal under a manifest error standard of review." *Jefferson Fin. Fed. Credit Union v. New Orleans Libations & Distilling Co., LLC*, 2022-0123, p. 3 (La. App. 4 Cir. 10/31/22), 351 So.3d 783,785 (citing *Crowe v. State Farm Mut. Auto. Ins. Co.*, 2020-0244, p. 3 (La. App. 4 Cir. 11/18/20), 309 So.3d 773, 776).

In these proceedings, Koerner is seeking a mandatory injunction. As explained in *Plauche v. City of New Orleans*, 2024-0576, pp. 10-11, (La. App. 4 Cir. 5/12/25), 414 So.3d 1055, 1062:

> This Court has previously expounded that "[a] preliminary injunction is an interlocutory procedural device designed to preserve the existing status quo between the parties, pending trial on the main demand." *Randazzo v. Imbraguglio*, 21-0679, p. 12 (La. App. 4 Cir. 5/25/22), 343 So.3d 852, 861 (quoting *Ard v. GrrlSpot, LLC*, 19-0312, 0335, p. 14 (La. App. 4 Cir. 10/23/19), 364 So.3d 358, 366). "Preliminary injunctions can be prohibitory or mandatory." *Id*. (citing *Ard*, 19-0312, 0335, p. 14, 364 So.3d at 367). "A mandatory injunction orders the doing of something, while a prohibitory injunction seeks to restrain conduct." *Deepwater*, 23-0612, p. 4, 385 So.3d at 731 (citing *Ard*, 19-0312, 0335, pp. 14-15, 364 So.3d at 367). "If the mover seeks a prohibitory preliminary injunction, the mover must make a *prima facie* showing; yet if the mover seeks a mandatory preliminary injunction, the mover must demonstrate the elements by a preponderance of the evidence at an evidentiary hearing." *Randazzo*,

11

21-0679, p. 13, 343 So.3d at 862 (citing *Mercadel v. New Orleans Jazz & Heritage Festival & Found., Inc.*, 22-0242, pp. 9-10 (La. App. 4 Cir. 4/20/22), 338 So.3d 589, 597).

As stated above, Koerner instituted this action against the Blands pursuant to La. C.C. art. 656, which provides that "[t]he owner of the servient estate situated below may not do anything to prevent the flow of the water." After a thorough review of the record, we find that Koerner failed to provide sufficient evidence to establish his claim for injunctive relief by a preponderance of the evidence. Accordingly, we find no error in the trial court's granting of the motion for involuntary dismissal.

### (b) *Motion for Reconsideration/Motion for New Trial*

Likewise, we find no error in the trial court's denial of Koerner's Motion for Reconsideration/Motion for New Trial. We first note that in response to the Bland's Motion to Dismiss Appeal for Lack of Jurisdiction, which asserted that no appeal may lie from the denial of a motion for new trial, we denied the motion on June 30, 2025 stating:

> The trial court correctly recognized that the pleading entitled "Plaintiff's Emergency Injunction" addressed the same issues that it had previously decided in a preliminary injunction trial. Accordingly, the court treated the pleading as a motion for a new trial and denied the motion. "The denial of a motion for new trial is generally a non-appealable interlocutory judgment; however, an appellate court 'may consider interlocutory judgments as part of an unrestricted appeal from a final judgment.'" *CDW Servs., LLC v. City of New Orleans*, 24-0152, p. 4, (La. App. 4 Cir. 9/24/24), 399 So.3d 796, 799. The reviewing Court "consider[s] an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits of the case as well when ... it is clear from the appellant's brief that [they] intended to appeal the merits of the case." *Succession of Hickman*, 22-0730, p. 6, (La. App. 4 Cir. 3/15/23), 359 So.3d 584, 590.

In review of the denial of the motion for new trial, the record reflects that just days after the October 21, 2024 ruling on the involuntary dismissal,

Koerner re-filed virtually the same action, attaching the same exhibits that the trial court previously denied.  In ruling, the trial court determined that the post-trial pleading, "attempts to re-litigate matters adjudicated at the October 21, 2024 mandatory injunction trial, including requested destruction of the wall and carport…."  We find no error in that ruling.

In *Chenet v. Colgate-Palmolive, Co*., 2024-0431, pp. 6-8, (La. App. 4 Cir. 9/19/24), 399 So.3d 772, 777-78, *writ denied*, 2024-01453, (La. 2/19/25), 400 So.3d 928, this Court reiterated the well-established principles of the standard of review applicable to a motion for new trial as follows:

> Louisiana Code of Civil Procedure Article 1971 states, in pertinent part, that "[a] new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only." The Louisiana Civil Code provides both peremptory and discretionary grounds for the grant of a new trial. In terms of peremptory grounds, La. C.C.P. art. 1972 outlines the following:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:

> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.

> (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

> (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

> Discussing the discretionary grounds, La. C.C.P. art. 1973 states that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." "[W]ithin ten days from the time it is submitted for decision," the trial court must decide a motion for new trial. La. C.C.P. art. 1979. If the trial court "grants a motion for a new trial, it shall specify each of its reasons in the order." *Id*. The party who files the motion for new trial bears the burden of proof. *Lepree v. Dorsey*, 2022-0853, p. 23 (La. App. 4 Cir. 8/11/23), 370 So.3d 1191, 1205 (first citing *Jackson v. Wise*, 2017-1062, p. 18 (La. App. 1 Cir. 4/13/18), 249 So.3d 845, 856; and then

13

citing *Porche v. Winn-Dixie La., Inc*., 1993-2075, p. 5 (La. App. 1 Cir. 10/7/94), 644 So.2d 699, 702).

As this Court has previously held, a trial court has wide discretion in deciding whether to grant or deny a motion for new trial. *Lepree v. Dorsey*, 2022-0853, p. 22 (La. App. 4 Cir. 8/11/23), 370 So.3d 1191, 1204-05 (quoting *Occidental Props. Ltd. v. Zufle*, 2014-0494, p. 11 (La. App. 5 Cir. 11/25/14), 165 So.3d 124, 13), *writ denied*, 373 So.3d 982, 2023-01238 (La. 12/5/23). Because the trial court has such wide discretion in deciding a motion for new trial, "an appellate court 'reviews a ruling on a motion for new trial under an abuse of discretion standard of review.' " *Id*. at p. 22, 370 So.3d at 1205 (quoting *Sunset Harbour, LLC v. Brown*, 2022-0572, p. 9 (La. App. 4 Cir. 1/9/23), 356 So.3d 1167, 1173. The appellate court applies the abuse of discretion standard of review "regardless [upon] which ground—peremptory or discretionary—the new trial motion is based." *Id*. (quoting *Autin v. Voronkova*, 2015-0407, p. 4 (La. App. 4 Cir. 10/21/15), 177 So.3d 1067, 1070). This standard of review is "highly deferential," but a trial court abuses its discretion "if its ruling is based on an erroneous view of the law." *Id.*

With these precepts in mind and considering the record before us, we find no abuse of discretion in the denial of Koerner's Motion for New Trial/Motion for Reconsideration.

*(2) **The Interlocutory Rulings**: The Granting of the Blands' Exception of Prescription and the Denial of Koerner's Motion to Implement the Blands' Judicial Admissions*

*(a) Granting of the Blands' Exception of Prescription*

As stated above, the exception of prescription on Koerner's claims for damages related to the alleged violation of the servitude of natural drain was granted on October 16, 2023.  Koerner's motion for new trial from that ruling was later denied on May 10, 2024.

The Blands' exception of prescription asserted that Koerner's claims for the alleged violation of servitude of natural drain were prescribed for failure to file suit within one year of when he knew or should have known of

14

the damage.[5]  In support, the Blands pointed to Koerner's July 18, 2017

letter, which was attached to the January 9, 2023 First Amended Petition.

The letter states, in pertinent part:

> As Andrea and I discussed, the situation of our respective properties results in certain natural or legal servitudes one toward the other.  In addition to the issues arising from the excessive height of your holly trees along the solid concrete-block fence that you built, *I have been informed by my experts, as the investigation of damage to my property has progressed, that your construction work has unfortunately caused damage and is continuing to do so.*  (emphasis added).

As recently stated in *Scurlock v. Heitmeier*, 2025-0096, pp. 5-7 (La.

App. 4 Cir. 6/23/25), --- So.3d ---, 2025WL1733121 *3:

> The standard of review of a trial court's ruling on a prescription exception turns on whether evidence is introduced at the hearing on the exception.  *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, pp. 7-8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800.  Stated otherwise, "[a]ppellate review applicable to a prescription exception depends on the manner in which the exception is heard." *Templet v. State through DPSC*, 19-0037, p. 4 (La. App. 1 Cir. 11/15/19), 290 So.3d 187, 191.  When the parties introduce evidence at the hearing on the exception, the trial court's findings of fact on the prescription issue are subject to the manifest error standard of review.  *See Carter v. Haygood*, 04-0646, p. 9 (La. 1/19/05), 892 So.2d 1261, 1267.

As reflected in the October 16, 2023 Judgment granting the exception

of prescription, the trial court "accepted and considered evidence."  More

specifically, the trial court considered the July 18, 2017 letter, attached as an

exhibit to Koerner's pleadings.[6]  Thus, the manifest error standard of review

applies here.

---

[5] We first note that at the time Koerner's claim arose, delictual actions were subject to a liberative prescriptive period of one year.  *See* La. C.C.P. art. 3493 (now repealed).  Acts 2024, No. 423, § 1, eff. July 1, 2024 repealed the one-year prescriptive period and replaced it with a two-year prescriptive period.  *See* La. C.C. arts. 3493.1 and 3493.2. This change was given prospective application only.  Thus, the one-year prescriptive period, codified in former La. C.C. arts. 3492 and 3493, applies here.

[6] La. C.C.P. art provides in pertinent part that "[a] copy of any written instrument that is an exhibit to a pleading is a part thereof."

Koerner has maintained, and as stated in his April 12, 2023 Amended and Restated Petition, that he was unaware of the causation of the damages to the foundation, bedroom ceiling and dining room until he was verbally informed by his expert (Gurtler) for the first time on April 7, 2023.

"Constructive knowledge has been defined by our courts as whatever notice is enough to excite attention and put the injured party on guard or call for inquiry." *Hogg v. Chevron USA, Inc.*, 2009-2632, 2009-2635 (La. 7/6/10), 45 So. 3d 991, 997 (citing *Campo v. Correa*, 2001-2707, p. 12 (La. 6/21/02), 828 So.2d 502, 510–511). "Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry might lead, and such information or knowledge as ought to reasonably put the injured party on inquiry is sufficient to start the running of prescription." *Id.*

Here, the record demonstrates that Koerner had sufficient knowledge to put him on notice no later than his July 18, 2017 letter to the Blands wherein he specifically referenced damage to his home resulting from the common wall. Koerner did not institute this action until October 21, 2022. Accordingly, we find no error on the part of the trial court in granting the Blands exception of prescription. This assignment of error is without merit.

**(b) *Denial of Koerner's Motion to Implement the Blands' Judicial Admission***

Koerner filed a motion seeking to implement what he considered to be an admission by the Blands that he was entitled to the mandatory injunction. That motion was denied on October 18, 2024.

In support of his motion, Koerner relied on statements made by the Blands in their March 21, 2024 Motion for Partial Summary Judgment. Therein, the Blands asserted that La. C.C. arts. 655 and 656 govern natural drainage issues generally. They argued that the code articles do not govern specific drainage issues in the metropolitan City of New Orleans, and do not govern drainage of surface water that is created by an "act of man." The Blands maintain that Orleans Parish Municipal Code Ordinance § 26-173[7] specifically governs surface water between the properties, and that according to the Municipal Code, Koerner's surface water should not drain onto their property; it should drain towards the city services. Finally, the Blands argued that Koerner lacks expert testimony to support his request for a mandatory injunction.

Koerner also relies on Andrea Blands' affidavit filed in connection with the Motion for Partial Summary Judgment wherein she acknowledged that the chain link fence between the properties was removed and replaced with the solid masonry wall. She described the permitting process, the construction of the wall, the finished elevation of the garden, and the fact that she received no notices of any violations from the City in connection with the project.

---

[7] § 26-173 provides:

> Drainage from roofs, paved areas, yards, courtyards, and other open areas shall not pool to permit stagnant water likely to afford a breeding place for mosquitoes or to become contaminated or polluted in such a manner as to injure the public health or create offensive conditions. Drainage systems shall divert water away from the property and away from adjacent property lines. All drainage systems should discharge towards the public-right-of-way. Approved stormwater management systems shall be exempt from this section

"A judicial confession is a declaration made by a party in a judicial proceeding." La. C.C. art. 1853. "That confession constitutes full proof against the party who made it." *Id.* A judicial confession must be explicit and not merely implied. *La Louisiane Bakery Co. Ltd. v. Lafayette Ins*. Co., 2009-0825, p. 14 (La. App. 5 Cir. 2/8/11), 61 So.3d 17.

After a thorough review of the record, we cannot conclude that what the Blands stated in connection with their Motion for Partial Summary Judgment constituted a judicial admission or confession that they violated the servitude of natural drain. To the contrary, the Blands have consistently denied any violation of the servitude of natural drain throughout these proceedings. The admission that they constructed the wall does not on its own constitute a judicial confession of any violation. Thus, we find no merit in Koerner's assignment of error on this issue.

## DECREE

For the foregoing reasons, we find no merit in any of the assignments of error set forth by Koerner in this appeal. Accordingly, we affirm the October 23, 2024 Judgment granting a Motion for Involuntary Dismissal in favor of the Blands and we affirm the October 31, 2024 Judgment denying Koerner's post-judgment filing, which the trial court considered as a Motion for Reconsideration/Motion for New Trial. We also affirm the prior interlocutory rulings: 1) sustaining the Blands' Peremptory Exception of Prescription on Koerner's claims for damages related to the alleged violation of the servitude of natural drain;[8] and 2) denying Koerner's Emergency Motion to Implement the Blands' Judicial Admissions.

---

[8] As noted above, Koerner's claims for injunctive relief were not dismissed.

18

**AFFIRMED**